IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN HARPER,<br><br>      Plaintiff,<br><br>v.<br><br>BEVERAGE CONTROL, INC.,<br><br>      Defendant. | CIVIL NO. |

## COMPLAINT

### INTRODUCTION

Plaintiff Brian Harper, by and through the undersigned counsel, brings this Complaint against Defendant and states and alleges as follows:

### PARTIES

1. Plaintiff Brian Harper is a resident of Loganville, Georgia.

2. Defendant Beverage Control, Inc. is a domestic Georgia corporation with its principal office address, as recorded with the Georgia Secretary of State, being 5215 S Royal Atlanta Drive, Tucker, Georgia 30084.

3. Defendant may be served with the summons and the complaint in this civil action by service upon its registered agent, Kelly Young Cabe, at 5215 S Royal Atlanta Drive, Tucker, Georgia 30084.

## JURISDICTION AND VENUE

4. Plaintiff brings this action against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for failure to pay overtime compensation at the proper rate as required by the FLSA, and, therefore, this Court has original jurisdiction over this case based on 28 U.S.C. § 1331.

5. Under 28 U.S.C. § 1391, venue is proper in the United States District Court for the Northern District of Georgia because: (1) Defendant resides within the state of Georgia, and, more specifically, Defendant resides within the Northern District of Georgia and (2) a substantial part of the events or omissions giving rise to Plaintiff's claims, as described in this complaint, occurred within the Northern District of Georgia.

6. Defendant is a full service beverage company that installs and services beverage dispensing equipment, with service areas in Alabama, Georgia, and Florida.

7. Therefore, Defendant has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

8. Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

9. During his employment with Defendant, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

10. Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00 for the three years prior to the filing of this lawsuit.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR OVERTIME

11. From approximately February 2007 through August 2008, Defendant employed Plaintiff as a Route Sales Driver.

12. From approximately August 2008 through February 2009, Defendant employed Plaintiff as a Service Technician.

13. In approximately February 2009, Plaintiff suffered a stroke during the course of his employment.

14. Plaintiff returned to work in approximately August 2009, at which point he was employed in the Inventory Control and Logistics Department ("ICL Department").

15. Plaintiff was terminated on or about December 10, 2010.

16. For the time he was employed as a Route Sales Driver, a Service Technician, and as an employee in the ICL Department, Plaintiff was paid a salary of $650 per week.

## COUNT I

### FAILURE TO PAY PLAINTIFF OVERTIME WHEN HE WAS EMPLOYED AS A ROUTE SALES DRIVER

17. As a Route Sales Driver, Plaintiff's primary duty was to call upon Defendant's established customers week after week and deliver a quantity of Defendant's products to each customer.

18. Based on the volume of a given customer's sales of Defendant's products from the previous delivery, Plaintiff would take an order to replenish the customer's stock of Defendant's products.

19. In addition to his weekly salary of $650.00, Plaintiff was also paid a commission based on certain qualifying orders placed by Defendant's customers.

20. When he was employed as a Route Sales Driver Plaintiff's commission averaged between approximately $50.00 to $100.00 per week.

21. Therefore, Plaintiff's commissions constituted approximately only 7% to 13% of his total weekly compensation.

22. On some days, Plaintiff would not take any orders that qualified for a commission.

23. As a Route Sales Driver, Plaintiff generally arrived at work at about 8:30 a.m., where he would pick up his company-provided delivery vehicle.

24. Upon arriving at work, Defendant would provide Plaintiff with a load sheet, which showed the products stocked on his delivery vehicle.

25. Plaintiff would review the load sheet and confirm the stock on his delivery vehicle.

26. Plaintiff would then deliver products to customers on his route, which was referred to as the Southside Route.

27. After completing his delivery route and returning to Defendant's place of business, Plaintiff was required to review the inventory on his truck and complete a checklist on the inventory remaining in his vehicle ("inventory sheet") and the money he had collected, if any, during the route.

28. Plaintiff generally completed his workday at Defendant's place of business between 5:30 p.m. and 7:30 p.m.

29. Generally, Plaintiff did not take an uninterrupted hour for lunch. Instead, Plaintiff ate while driving from job site to job site.

30. Throughout Plaintiff's employment as a Route Sales Driver, Defendant had a policy and practice of not recording the actual hours Route Sales Drivers worked, and Plaintiff was subject to this policy and practice.

31. Defendant failed to maintain accurate records of Plaintiff's actual hours worked as a Route Sales Driver.

32. Therefore, Defendant failed to comply with the record-keeping requirements of the FLSA.

33. Defendant suffered or permitted Plaintiff to perform compensable work before and after his scheduled shift and during his lunch break when he was employed as a Route Sales Driver, which resulted in Plaintiff working more than 40 hours per workweek.

34. However, Defendant failed to pay overtime wages to Plaintiff at the appropriate rate as required by the FLSA and its implementing regulations.

35. Defendant's failure to pay proper overtime wages for each hour worked over 40 per workweek was intentional and willful within the meaning of 29 § U.S.C. 255.

36. On information and belief, Defendant classified Plaintiff as exempt from the requirements of the FLSA.

37. However, Plaintiff did not meet the requirements for any exemption.

38. For example, Plaintiff did not supervise any employees.

39. As another example, Plaintiff's performance of his primary duty as a Route Sales Driver consisted of manual labor delivering Defendant's products to its customers.

40. As another example, Plaintiff's performance of his primary duty as a Route Sales Driver was to deliver Defendant's products to its customers and was not the making of sales.

41. Plaintiff is entitled to recover all unpaid overtime wages from Defendant that were secured by the FLSA as well as an equal amount in liquidated damages.

42. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT II

### FAILURE TO PAY PLAINTIFF OVERTIME WHEN HE WAS EMPLOYED AS A SERVICE TECHNICIAN

43. As a Service Technician, Plaintiff's primary duty was to service and repair the beverage dispensing equipment of Defendant's customers.

44. Defendant provided Plaintiff with a company vehicle, which Plaintiff drove home and in which Plaintiff maintained his tools and equipment.

45. In general, Plaintiff would drive his company vehicle from his home to Defendant's place of business to pick up his work orders.

46. Plaintiff generally arrived at work at approximately 8:30 a.m.

47. After picking up his work orders, Plaintiff would drive to his first work site of the day.

48. After completing his first job, Plaintiff would then drive to his second job site.

49. Plaintiff generally had between 5 and 10 jobs per day.

50. After completing his last job for the day, Plaintiff would return to Defendant's place of business, turn in his completed work orders, and re-stock his vehicle with replacement parts

51. Plaintiff would then drive his company vehicle from Defendant's place of business to his home.

52. Defendant provided Plaintiff with a Nextel two-way radio.

53. Approximately 3 to 4 times per month, Defendant would contact Plaintiff at home via his company-provided Nextel device and provide him with a work order that required that he drive from his home straight to his first job site of the day.

54. Generally, Plaintiff did not take an uninterrupted hour for lunch. Instead, Plaintiff ate while driving from job site to job site.

55. Throughout Plaintiff's employment as a Service Technician, Defendant had a policy and practice of not recording the actual hours Service Technicians worked, and Plaintiff was subject to this policy and practice.

56. Defendant failed to maintain accurate records of Plaintiff's actual hours worked as a Service Technician.

57. Therefore, Defendant failed to comply with the record-keeping requirements of the FLSA.

58. Defendant suffered or permitted Plaintiff to perform compensable work before and after his scheduled shift and during his lunch break when he was employed as a Service Technician, which resulted in Plaintiff working more than 40 hours per workweek.

59. However, Defendant failed to pay overtime wages to Plaintiff at the appropriate rate as required by the FLSA and its implementing regulations.

60. Defendant's failure to pay proper overtime wages for each hour worked over 40 per workweek was intentional and willful within the meaning of 29 § U.S.C. 255.

61. On information and belief, Defendant classified Plaintiff as exempt from the requirements of the FLSA.

62. However, Plaintiff did not meet the requirements for any exemption.

63. For example, Plaintiff did not supervise any employees.

64. As another example, Plaintiff's performance of his primary duty as a Service Technician consisted of manual labor repairing and servicing the equipment of Defendant's customers.

65. Plaintiff is entitled to recover all unpaid overtime wages from Defendant that were secured by the FLSA as well as an equal amount in liquidated damages.

66. Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## COUNT III

### FAILURE TO PAY PLAINTIFF OVERTIME WHEN HE WAS EMPLOYED IN THE ICL DEPARTMENT

67. When he was employed in the ICL Department Plaintiff's primary duty was inventory control.

68. Defendant's branch offices would email Plaintiff each Route Sales Driver's inventory sheet, and Plaintiff would confirm that the inventory sheet turned in by each Route Sales Driver matched what the branch warehouse inventory records showed.

69. When he was employed in the ICL Department prior to approximately October 2010, Plaintiff would generally arrive at work at between 8:15 a.m. and

8:30 a.m. and would leave work leave work between 5:15 p.m. and 5:30 p.m., and Plaintiff would take a lunch break.

70.     During this period, Plaintiff occasionally worked more than 40 hours per workweek.

71.     Starting in approximately October 2010, Plaintiff began working through his lunch period on approximately 4 out of 5 days.

72.     Plaintiff also worked occasionally on the weekend.

73.     When Plaintiff worked on the weekend, he was paid overtime for at least some of those hours.

74.     However, Plaintiff was not paid overtime for the additional hours he worked before and after his shift and through his lunch break.

75.     Throughout Plaintiff's employment in the ICL Department, Defendant had a policy and practice of not recording the actual hours employees in the ICL Department worked, and Plaintiff was subject to this policy and practice.

76.     Defendant failed to maintain accurate records of Plaintiff's actual hours worked when he was employed in the ICL Department.

77.     Therefore, Defendant failed to comply with the record-keeping requirements of the FLSA.

78. Defendant suffered or permitted Plaintiff to perform compensable work before and after his scheduled shift and during his lunch break when he was employed in the ICL Department, which resulted in Plaintiff working more than 40 hours per workweek.

79. However, Defendant failed to pay overtime wages to Plaintiff at the appropriate rate for at least some of those hours as required by the FLSA and its implementing regulations.

80. Defendant's failure to pay proper overtime wages for each hour worked over 40 per workweek was intentional and willful within the meaning of 29 § U.S.C. 255.

81. On information and belief, Defendant classified Plaintiff as exempt from the requirements of the FLSA.

82. However, Plaintiff did not meet the requirements for any exemption.

83. For example, as an employee in the ICL Department, Plaintiff did not supervise any employees.

84. As another example, Plaintiff performed his primary duties in the ICL Department by mechanically comparing each Route Sales Driver's inventory sheet with the inventory records of the each branch for which he was responsible to make sure they were consistent.

85.     Therefore, Plaintiff's primary duties did not involve Plaintiff comparing and evaluating possible courses of conduct and acting or making a decision after the various possibilities had been considered.

86.     Plaintiff is entitled to recover all unpaid overtime wages from Defendant that were secured by the FLSA as well as an equal amount in liquidated damages.

87.     Plaintiff is also entitled to attorney's fees and costs incurred in connection with this claim.

## PRAYER FOR RELIEF

Based on the allegations set forth in this complaint and the evidence as it is developed in this case, Plaintiff respectfully prays that:

- the Court enter judgment in favor of Plaintiff as to each of Plaintiff's claims;
- the Court award Plaintiff his unpaid overtime wages, an equal amount in liquidated damages, and any and all other damages as provided under the law and as requested in each of Plaintiff's claims;

- the Court award Plaintiff his attorney fees and litigation costs as provided under the law and as requested in each of Plaintiff's claims; and

- the Court grant Plaintiff all other further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated:  June 2, 2011

Respectfully submitted,

s/G. Blake Andrews
Gary Blaylock "Blake" Andrews, Jr.
Georgia Bar No. 019375
Blake Andrews Law Firm, LLC
2221 Peachtree Road NE Suite X5
Atlanta, GA 30309
Tel: 770-828-6225
Fax: 866-828-6882
blake@blakeandrewslaw.com